IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CHARLES E. SMITH, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 08-258-S-REB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| PHILIP VASQUEZ, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court in this habeas corpus matter are Petitioner's Request for Transcript (Docket No. 13) and Respondent's Motion for Summary Dismissal (Docket No. 11).  The parties have consented to a United States Magistrate Judge conducting all proceedings, in accordance with 28 U.S.C. § 636(c).  (Docket No. 22.)

The Court finds that decisional process would not be aided by oral argument, and it shall resolve these matters on the written record after consideration of the parties' submissions.  D. Idaho L. Civ. R. 7.1(d).  For the reasons that follow, this case shall be dismissed.

## BACKGROUND

Following a jury trial in state court in January 2002, Petitioner was convicted of felony driving under the influence (DUI) and being a persistent violator of the law. (State's Lodging A-1, pp. 54-55.)  The trial court sentenced him to five years in prison with the first two years fixed.  (State's Lodging A-1, pp. 60-63.)  On appeal, Petitioner

**MEMORANDUM DECISION AND ORDER - 1**

argued only that the trial court abused its discretion in imposing an excessive sentence. (State's Lodging B-1.)  The Idaho Court of Appeals affirmed the conviction and sentence, and Petitioner did not seek review over that decision in the Idaho Supreme Court. (State's Lodgings B-4, B-5.)

On January 27, 2004, Petitioner filed an application for post-conviction relief in the district court, claiming, among other things, that he had been deprived of his constitutional right to the effective assistance of counsel.  (State's Lodging C-1, pp. 3-11.) The court dismissed the application, but the Idaho Court of Appeals subsequently remanded the case for reconsideration of Petitioner's request for the appointment of counsel.  (State's Lodging C-1, pp. 51-52, 61-65.)  On remand, the district court appointed counsel, who filed a notice adopting Petitioner's pro se application.  (State's Lodging C-3, p. 67.)  After holding an evidentiary hearing, at which trial counsel and Petitioner testified, the district court again denied relief.  (State's Lodging C-4, pp. 242-50.)

On appeal, Petitioner focused on a single issue: whether his counsel had been ineffective during the direct appeal in failing to challenge the trial court's decision to admit into evidence that Petitioner had refused to take a field sobriety test before his arrest.  (State's Lodging E-3, p. 4.)  The Idaho Court of Appeals declined to reach the merits of that issue, however, after concluding that Petitioner had not raised it in the district court.  (State's Lodging E-6, p. 5.)  Petitioner sought review in the Idaho Supreme Court, which was denied.  (State's Lodging E-10.)

**MEMORANDUM DECISION AND ORDER - 2**

In this habeas proceeding, Petitioner brings the following two claims: (1) he contends that his Fifth Amendment privilege against self-incrimination was violated when the trial court admitted evidence of his refusal to take the field sobriety test; and (2) he asserts that the application of the penalty-enhancing provision in the felony DUI statute, Idaho Code § 18-8005, and the persistent violator statute, Idaho Code § 19-2514, constitute multiple punishments for the same offense in violation of the Fifth Amendment's prohibition on double jeopardy.  (Docket No. 1, pp. 2-7.)

District Judge Edward J. Lodge conducted an initial review of the Petition and ordered Respondent to file an answer or an appropriate pre-answer motion to dismiss. (Docket No. 3, p. 2.)  Respondent chose to file the pending Motion for Summary Dismissal, in which he argues that the double jeopardy claim is now moot and that both habeas claims are procedurally defaulted.  (Docket No. 11.)  The case was reassigned to the undersigned Magistrate Judge after all parties consented.  (Docket Nos. 22, 23.)  The Court has reviewed the parties' briefing, and the record herein, and is now prepared to issue its decision.

## MOTION FOR A COPY OF THE RECORD

As an initial matter, Petitioner has filed a "Request for Transcript" in which he seeks copies of several documents that Respondent has lodged with the Court as part of the state court record.  (Docket No. 13.)  Petitioner has provided no explanation for why he needs copies other than because his personal legal file is apparently missing these items.  (Docket No. 13, p. 1.)  Since he filed this request, Petitioner has submitted a

**MEMORANDUM DECISION AND ORDER - 3**

sixteen-page Answer to Respondent's Motion for Summary Dismissal, complete with citations to the record and to legal authority.  (Docket No. 18.)

Under 28 U.S.C. § 2250, the Clerk of Court shall furnish copies of such parts of the state court record to indigent prisoners as may be required by order of the judge before whom a habeas corpus application is pending.  Petitioner has paid the filing fee for this habeas action, and in the absence of a finding of indigency, § 2250 does not provide authority for the Court to order the Clerk to send free copies to Petitioner.  More importantly, Petitioner has not established a particular need for the items that he has requested.  He has drafted a cogent and articulate response to Respondent's Motion for Summary Dismissal, and there is no indication that his ability to address the issue at hand has been hampered in any way by a lack of access to certain documents or filings.  *See*, *e.g.*, *Chessman v. Teets*, 239 F.2d 205, 214 (9th Cir. 1957) (holding that copies may be provided upon a showing of need), *vacated on other grounds by* 354 U.S. 156 (1957); *Nunez v. United States*, 892 F.Supp. 528, 531 (S.D.N.Y. 1995) (similar).

Accordingly, Petitioner's request shall be denied.

**MEMORANDUM DECISION AND ORDER - 4**

## MOTION FOR SUMMARY DISMISSAL

In his Motion, Respondent first contends that Petitioner's double jeopardy claim (Claim 2) is now moot because Petitioner has completed his sentence.  The Court agrees that the alleged injury–serving an unlawful sentence–can no longer be remedied by habeas relief, rendering that issue moot.  *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding that a habeas petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.") (quotation omitted).  Conversely, Petitioner's other habeas claim, in which he attacks his conviction directly, is not moot because Petitioner can still suffer consequences from that conviction, including enhanced penalties in a future DUI proceeding under Idaho law.  *See*, *e.g.*, *Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005) (holding that in a habeas proceeding there is "an irrefutable presumption that collateral consequences result from any conviction"); *see also* Idaho Code § 18-8005(6) (treating a third DUI conviction within ten years as a felony).

Nonetheless, the Court is persuaded that neither claim was properly exhausted in the Idaho Supreme Court, and both are now procedurally defaulted.

A.     Standard of Law

A state prisoner must exhaust his state court remedies before a federal court can grant relief on the merits of a claim.  28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement is designed to promote comity and federalism by giving the state courts an

**MEMORANDUM DECISION AND ORDER - 5**

initial opportunity to correct constitutional errors before the prisoner turns to the federal courts for relief.  *Duncan v. Walker*, 513 U.S. 364, 365 (1995).

A habeas court must determine not only whether a habeas petitioner has exhausted his remedies in state court, but also whether he exhausted those remedies *properly*. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  To do so, he must have "fairly presented" the alleged constitutional error at each level of state appellate review, alerting the state courts of the federal nature of the claim.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  If a state's appellate system includes the possibility of discretionary review in the highest state court, then to comply with the requirement of fair presentation, the petitioner must have raised his constitutional claim in a petition for review.  *Boerckel*, 526 U.S. 838, 845.

The mere similarity between a federal claim and a state law claim does not constitute fair presentation of the federal claim.  *Duncan*, 513 U.S. at 365-66.  Moreover, a state court is not required to read beyond the petition for review, brief, or similar document that is before it in order to discern whether the petitioner intended to raise a federal issue.  *Reese*, 541 U.S. at 32.  Rather, he must cite the constitutional provision that supports his claim or rely on cases that apply the constitutional rule.  *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).

The failure to present a constitutional claim in state court will result in a procedural default if it is clear that the petitioner would now be barred from raising the

**MEMORANDUM DECISION AND ORDER - 6**

claim under the state's procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A habeas claim is also defaulted when the petitioner actually raised the claim in state court, but the state court denied or dismissed it after invoking a procedural bar that is independent of federal law and is adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).

A procedurally defaulted claim will not be considered in a habeas proceeding unless the petitioner can establish cause for his default and actual prejudice, or he can show a miscarriage of justice in his case, which means that he is probably innocent. *Coleman*, 501 U.S. at 750.  To show "cause," the petitioner must ordinarily establish that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To show "prejudice," the petitioner bears the burden of demonstrating that the errors "worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

B.    Discussion

Petitioner has never presented his current federal claims to the Idaho Supreme Court in a procedurally proper manner.  On direct appeal, Petitioner challenged only the length of his sentence under state law, and he did not seek review over the Idaho Court of Appeals' decision in the Idaho Supreme Court.  (State's Lodging B-1.)  During the post-conviction appeal, he contended that he had been deprived of his right to the effective

**MEMORANDUM DECISION AND ORDER - 7**

assistance of counsel on direct appeal because counsel failed to challenge, on Fifth Amendment grounds, the trial court's admission of Petitioner's refusal to take the field sobriety test.  (State's Lodging E-3.)  In this habeas proceeding, however, Petitioner raises the *underlying* self-incrimination issue, rather than the ineffective assistance of counsel issue, which is a separate claim governed by different legal standards.  Because it is now too late to return to state court to present the same federal claims now, they are procedurally defaulted.  *See* Idaho Code § 19-4902(a) (post-conviction action must be initiated within one-year of the conclusion of direct appeal).

Petitioner nevertheless argues that his appointed counsel's omission of the claims during the direct appeal is the cause for the default.  It is true that attorney error amounting to an independent violation of a defendant's constitutional right to the assistance of counsel may excuse a procedural default, but only when the ineffective assistance claim was, itself, properly exhausted in state court.  *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000).  While Petitioner pressed an ineffective assistance claim in state court based on counsel's failure to raise the self-incrimination issue, the Idaho Court of Appeals refused to reach the merits of that claim after finding that Petitioner had not raised it in the district court.  (State's Lodging E-6, p. 5.)  The requirement of preserving an issue for appellate review by first presenting it to the lower court is a longstanding state procedural rule that is independent of federal law and adequate to support the judgment.  *See*, *e.g.*, *State v. Fodge*, 824 P.2d 123, 126 (1992).  Because the ineffective

**MEMORANDUM DECISION AND ORDER - 8**

assistance claim is itself procedurally defaulted, it cannot serve as cause to excuse the default of another habeas claim.[1] *See Edwards*, 529 U.S. at 454.

For these reasons, Respondent's Motion for Summary Dismissal shall be granted, and this case shall be dismissed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Request for Transcript (Docket No. 11) is DENIED.

IT IS FURTHER ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 13) is GRANTED.

DATED: **August 6, 2009**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

---

[1] Petitioner suggests that he did, in fact, raise the same claim in the state district court, contrary to the Idaho Court of Appeals' conclusion. The federal question before this Court is limited to whether the state procedural rule is independent and adequate. Once that determination has been made, the Court generally lacks the authority to review whether the state court applied its own rule correctly. *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999).

In any case, this Court agrees with the Idaho Court of Appeals that Petitioner's passing references in his post-conviction petition and its attachments to his appellate counsel's deficiencies were too vague to alert the district court that he intended to raise this same issue.

**MEMORANDUM DECISION AND ORDER - 9**